# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2530
_____

Lidia Perez-Mancilla; Mairyn Villeda-Perez

*Petitioner*s

v.

Merrick B. Garland, Attorney General of the United States[1]

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: March 19, 2021
Filed: March 24, 2021
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Guatemalan native and citizen Lidia Perez-Mancilla, individually and on behalf of her minor daughter Mairyn Villeda-Perez, petitions for review of an order of the

_____

[1]Attorney General Garland is substituted for his predecessor pursuant to Federal Rule of Appellate Procedure 43(c).

Board of Immigration Appeals (BIA), which dismissed her appeal from an immigration judge's decision denying her asylum and withholding of removal.[2]

After careful review, assuming without deciding that Perez-Mancilla's proposed particular social group of "Guatemalan women who are unable to leave a domestic relationship and who are treated as property" is cognizable, we conclude substantial evidence supports the agency's determination that Perez-Mancilla failed to demonstrate membership in that group, particularly given that she had no ongoing contact with her alleged abuser and was in a new relationship. See Fuentes-Erazo v. Sessions, 848 F.3d 847, 852-53 (8th Cir. 2017) (standard of review); see also Godinez v. Barr, 929 F.3d 598, 602 (8th Cir. 2019); Najera v. Whitaker, 745 F. App'x 670, 671-72 (8th Cir. 2018) (per curiam). Because Perez-Mancilla therefore failed to satisfy her burden of proof on her asylum claim, the BIA properly concluded she necessarily failed to satisfy the more rigorous standard for withholding of removal. See Fuentes-Erazo, 848 F.3d at 853.

Accordingly, we deny the petition for review.

_____

[2]Because Villeda-Perez's asylum application is derivative of her mother's, all references are to Perez-Mancilla. See 8 U.S.C. § 1158(b)(3)(A) (stating that a child may be granted asylum if the accompanying principal noncitizen was granted asylum). There are no derivative benefits for withholding of removal. See Fuentes v. Barr, 969 F.3d 865, 868 n.1 (8th Cir. 2020) (per curiam). Perez-Mancilla has waived any challenge to the BIA's denial of her motion to remand because she does not challenge it in her brief. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004) (concluding that a claim not raised or meaningfully argued in an opening brief is deemed waived).